**William J. BAUERS, Jr., Petitioner,**

**v.**

**Howard YEAGER, Principal Keeper of the New Jersey State Prison at Trenton, and the State of New Jersey, Respondents.**

**Civ. No. 1048–66.**

United States District Court
D. New Jersey.

Nov. 18, 1966.

## MEMORANDUM AND ORDER

LANE, District Judge:

In this application for writ of habeas corpus petitioner claims that he is being restrained of his liberty in violation of the Constitution of the United States. Petitioner's incarceration is pursuant to three 7 to 10 year sentences, running concurrently, imposed on February 24, 1961, by the New Jersey Superior Court after petitioner's conviction by plea to a three-count indictment charging armed robbery. Petitioner asserts he is scheduled to be released from the New Jersey State Prison in Trenton on or about February 22, 1967.

Petitioner's claim for relief arises out of facts concerning a sixteen-month term served by him in the New Jersey State Prison during 1953 and 1954. That sentence was improperly imposed by the Hunterdon County Court since petitioner was a juvenile at the time and there had been no reference of the case from the Juvenile and Domestic Relations Court. See N.J.Stat.Ann. § 2A:4-14, 15. The indictment, plea, and sentence in that case have been expunged from the record pursuant to a decision of the New Jersey Superior Court, Appellate Division, rendered on May 8, 1964. Petition-

er now contends he is entitled to have the time served under the illegal sentence credited to his present sentence and therefore he should be released from confinement.

Following the decision of the Appellate Division ordering the expunging of sentence, petitioner by correspondence with that court sought to be credited with the time illegally served. He was advised by the deputy clerk to take the matter up with the Parole Board, which petitioner did, but to no avail. Petitioner then applied for post-conviction relief under N.J.R.R. 3:10A in the Superior Court, making the same request. After a hearing relief was denied. Before that decision was rendered he had sought administrative relief from the State of New Jersey, Department of Institutions and Agencies. In a letter dated March 11, 1965, the agency, finding no authority for granting the relief, denied the request. Although no appeal was taken from the denial of post-conviction relief, petitioner did appeal from the denial of administrative relief by instituting a proceeding in lieu of prerogative writs in the Superior Court, Appellate Division, under N.J.R.R. 4:88–8. On June 21, 1965, his appeal was dismissed as being without merit. The court could find no authority, either statutory or decisional, for the granting of his claim. No further action was taken in that case.

Petitioner has also filed a claim with the New Jersey State Legislature, Office of Legislative Budget and Finance Director, seeking either compensation [1] for the time illegally served or credit against his present sentence. In a letter dated August 12, 1966, his claim was denied following action on it by the Subcommittee on Claims of the Joint Legislative Appropriations Committee.

Before considering the merits of petitioner's contention, it is necessary to determine if he has exhausted state remedies. Section 2254 of 28 U.S.C. provides:

An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

It has been repeatedly stated that the exhaustion doctrine is a rule of comity rather than a jurisdictional prerequisite. See e. g., Bowen v. Johnston, 306 U.S. 19, 27, 59 S.Ct. 442, 83 L.Ed. 455 (1939) where the Court referred to the rule as "not one defining power but one which relates to the appropriate exercise of power." It is "a doctrine which teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter." Fay v. Noia, 372 U.S. 391, 420, 83 S.Ct. 822, 838–839, 9 L.Ed.2d 837 (1963). The rationale behind the rule is that "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to cor-

---

1. In addition, petitioner, instituted an action in this court seeking damages under 42 U.S.C. § 1983 claiming that the actions of the prosecutor resulted in a denial to him of his civil rights. We held that the prosecutor was immune from such suit and dismissed the complaint. The Court of Appeals affirmed, Bauers v. Heisel, 361 F.2d 581 (3d Cir. 1966), petition for cert. filed, 35 U.S.L.Week 3142 (U.S. Sept. 6, 1966) No. (528).

rect a constitutional violation * * *." Id. at 419–420, 83 S.Ct. at 838.

A general statement of the requirements of the exhaustion doctrine is that the matter involved in the application for habeas corpus must first be presented for adjudication to the highest court in the state. See Thomas v. Cunningham, 313 F.2d 934, 937 (4th Cir. 1963); Grundler v. State of North Carolina, 283 F.2d 798, 800 (4th Cir. 1960). It is not necessary that the claim be actually adjudicated as long as it has been presented to that court. In re Thompson's Petition, 301 F.2d 659, 660 (3d Cir. 1962) (dictum).

Once the matter has been presented to the highest state court on direct appeal, it is not necessary to present it to them again on collateral attack. Brown v. Allen, 344 U.S. 443, 447, 73 S.Ct. 397, 97 L.Ed. 469 (1954); see United States ex rel. Smith v. State of New Jersey, 201 F.Supp. 272, 276 n. 1 (D.N.J. 1962), aff'd, 322 F.2d 810 (3d Cir. 1963), cert. denied, 376 U.S. 928, 84 S.Ct. 678, 11 L.Ed.2d 623 (1964). Likewise, if the matter has not been presented to the state's highest court on direct review it is sufficient for purposes of exhausting state remedies if it is presented to them on collateral attack. United States ex rel. Kaiser v. Mahan, 233 F.Supp. 1, 4 (D.N.J. 1964). The effect of these rules is that repetitious litigation is not required.

A further limitation on the exhaustion doctrine is that it is not necessary for the petitioner first to present his claim to the state court where the state relief will prove ineffective either because of "procedural snarls or obstacles," see Bartone v. United States, 375 U.S. 52, 54, 84 S.Ct. 21, 11 L.Ed.2d 11 (1963), or because the highest court in the state has already decided the question of law involved adversely to the petitioner's contentions and is not likely to reverse itself, see Davis v. Maryland House of Correction, 247 F.Supp. 869, 871 (D. Md. 1965); Application of De Toro, 247 F.Supp. 840, 841, 842 (D. Md. 1965). The reason for these rules is generally described as that of avoiding an exercise in futility.

Another major definitional limitation on the exhaustion doctrine is that it requires the exhaustion of only those state remedies that are still available to the petitioner at the time he files his application in the federal court. Fay v. Noia, supra, 372 U.S. at 435, 83 S.Ct. at 847. However, the federal judge may exercise his discretion "to deny relief to one who has deliberately sought to subvert or evade the orderly adjudication of his federal defenses in the state court." Id. at 433, 83 S.Ct. at 846.

Applying these rules to the instant case, we conclude that petitioner has sufficiently exhausted his state remedies. Although petitioner has never presented his claim to the Supreme Court of New Jersey on either direct or collateral attack, at the time of filing this petition he has no effective channel of relief still opened to him in the state.[2] Nor is there any evidence that this is due to a deliberate by-passing by him of his state remedies.

It seems clear that this petition presents solely a question of law and therefore no evidentiary fact-finding hearing is required. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

The writ of habeas corpus extends to state prisoners held "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Its most important purpose is to give state prisoners a federal forum for the litigation of their federal claims. The petitioner's major conten-

---

2. Although he could still bring a habeas corpus action in the state courts under N.J.Stat.Ann. § 2A:67-1 to -36, we feel that this remedy would be ineffective since he is probably not entitled to any relief since he is not challenging the jurisdiction of the committing court or the validity of its sentence. See N.J.Stat. Ann. § 2A:67-14(b).

tion in this action is that the state's failure to credit the time illegally served under a prior sentence against the time owing under his present sentence constitutes a denial to him of due process of law in violation of the fourteenth amendment. If this is true, the fact that there is no statutory or decisional authority in the State for the relief requested is no bar to our granting relief. As Mr. Justice Frankfurter stated in Brown v. Allen, supra, 344 U.S. at 510, 73 S.Ct. at 448:

"Insofar as this [habeas] jurisdiction enables federal district courts to entertain claims that State Supreme Courts have denied rights guaranteed by the United States Constitution, it is not a case of a lower court sitting in judgment on a higher court. It is merely one aspect of respecting the Supremacy Clause of the Constitution whereby federal law is higher than State law."

The question of law we have before us is novel. The case of Hill v. Holman, 255 F.Supp. 924 (M.D. Ala. 1966), however, deals with a somewhat similar situation and is relied upon by the petitioner. In that case Hill was sentenced on four different indictments on the same day by the same court. On the first, he received ten years; on the second, ten years; on the third, one year and one day; and on the fourth, one year and one day. The four sentences imposed were to run consecutively. At the time of filing his application for habeas corpus Hill had already served the first, third, and fourth sentences. As to the second, Hill was able to have that judgment set aside after having served six years of it. On his retrial on the second indictment, Hill entered a plea of guilty on a lesser charge and received a sentence of one year and one day.

In granting the relief sought in his habeas corpus application, the court held that Hill was entitled to have the six years spent on the erroneous sentence imposed in the second case credited against his new sentence in the same case. In so holding, the court used

broad language which petitioner Bauers contends is applicable to his case. The court stated at 925:

"The constitutional requirements of due process will not permit the State of Alabama to require petitioner Hill, or any other prisoner for that matter, to be penalized by service in the state penitentiary because of an error made by the state circuit court. Petitioner Hill was entitled to have his illegal sentence vacated. * * * He is also entitled to have the time he served on the erroneous sentence in [that] case * * * before it was vacated applied on the valid sentence that was [subsequently] imposed in that case * *. The record in this case is clear that, instead of Hill's owing the State of Alabama any additional time, the State of Alabama owes Hill for illegal incarceration for a period of between four and five years."

The *Hill* case is clearly distinguishable from the instant case in that the sentence credited was imposed by the *same* court which illegally sentenced him and in the *same* case. Here we are dealing with a sentence imposed by a *different* court in a *different* matter. Petitioner himself recognizes this but "submits that the holding of the *Hill* case, and common justice, is (sic) much broader."

We reject petitioner's major contention and conclude that due process does not require that he be credited with the time he spent in prison under the illegal sentence. If it did, that would mean that the situation could be created wherein a person might have several years of prison time to apply to a sentence for a crime that he has not yet committed or for which he has not yet been prosecuted.

However, our conclusion does not mean that petitioner is to be denied relief by this court. In the usual case, where a defendant has served time under a sentence which had been judicially declared illegal and is subsequently brought before a court for sentencing on another matter, he has the opportunity of bring-

ing that fact to the attention of the sentencing court. In the instant case, however, because of the timing of the suit brought to have the sentence expunged, petitioner could not present the pertinent fact to the court at the time of his sentencing in 1961. Illegally depriving a man of his liberty for a period of time is a serious matter, and we feel that due process requires that petitioner be given the opportunity of presenting this fact for consideration to the sentencing court.[3]

Having concluded that there has been a constitutional denial the correction of which might well mean that petitioner is entitled to immediate release, we will grant the relief requested in petitioner's application for habeas corpus. However, we realize that the denial involved here was due mainly to the fact that petitioner's sentence was expunged subsequent to the imposition of his present sentence, rather than by a considered act of the New Jersey courts. Accordingly, we will condition the relief granted by an order that petitioner be held pending resentencing.[4]

Authority for so conditioning the order for release is found in 28 U.S.C. § 2243, which requires the habeas corpus court to "dispose of the matter as law and justice require." Cf. Jackson v. Denno, 378 U.S. 368, 396, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964). Additionally, since the petitioner is presently scheduled for release on February 22, 1967, we direct that if no such hearing is held within twenty days, that he be released from custody. Cf. Cobb v. Balkcom, 339 F.2d 95, 102 (5th Cir. 1964).

Now therefore it is on this 18th day of November, 1966, ordered that petitioner, William J. Bauers, Jr., is to remain in custody subject to the redetermination of his sentence by the New Jersey Superior Court, provided, however, that if resentencing should not be effected within twenty days hereof, he is to be discharged from the custody of the State of New Jersey. And it is further ordered that, should the State of New Jersey choose not to subject petitioner to resentencing, he be released immediately.

---

3. We are not unmindful of the fact that the sentencing court has already dealt with this matter on an application for post-conviction relief. However, in that proceeding, asking that the time illegally served be credited, the court was not faced with this federal constitutional directive requiring that appropriate consideration be given to petitioner's claim.

4. Ordering the trial court to redetermine the sentence following a successful collateral attack is not without precedent in the New Jersey courts. See State v. Pohlabel, 61 N.J.Super. 242, 160 A.2d 647 (App.Div.1960).