**UNITED STATES of America ex rel.
George OLDEN**

v.

**Alfred T. RUNDLE, Supt.**

**Misc. No. 3741.**

United States District Court
E. D. Pennsylvania.

Jan. 26, 1968.

George Olden, pro se.

Arlen Specter, Dist. Atty., County of Philadelphia, Welsh S. White, Asst. Dist. Atty., County of Philadelphia, Philadelphia, Pa., for respondent.

### OPINION AND ORDER

WEINER, District Judge.

The relator was convicted and is presently confined for the unlawful sale of narcotic drugs.[1] At the time of sentencing, the relator was on parole for a conviction in 1939. He was returned to prison as a parole violator on March 31, 1964. Following the completion of his 1939 sentence he was to begin serving his 1964 sentence.

Following his recommitment, the relator was granted a writ of habeas corpus on his 1939 conviction, at which time a new trial was granted. At that trial he was adjudged acquitted. The commitment on the current narcotics conviction was recomputed to date from March 31, 1964.

Prior to relator's most recent conviction, he had been returned to prison three times for violations of parole on his earliest one.

The relator does not contest the validity of the present conviction. He alleges, however, that he is entitled to be heard by the judge before whom he was convicted in 1964 for resentencing, and that at that time he should be given credit for the years he served on the invalid 1939 sentence.[2]

---

1. Quarter Sessions Court, Philadelphia County, April Session, 1964 Nos. 1300 and 1336.

2. The relator alleges that he is entitled to be given credit for eleven years, eight months and eighteen days which he served prior to the 1964 conviction.

The Constitution does not require that time served on a conviction later found invalid be applied to reduce a sentence imposed under a later valid conviction,[3] United States ex rel. Watson v. Commonwealth et al., 20 F.Supp. 474, 475 (E.D.Pa.1966); but such time served should advance the computation of a valid sentence from the date the latter was imposed rather than from the date the prior one is declared invalid, *Watson,* supra; United States ex rel. McKee v. Maroney, 264 F.Supp. 684, 687 (M.D. Pa.1967).

The rationale underlying this principle is that if an individual has been convicted of a criminal offense, sentenced and subsequently returned to prison as a parole violator for the prior conviction, he is in effect serving concurrent sentences. If the sentence on which he has been paroled is subsequently declared invalid, the new sentence should be computed as of the date of its imposition; since, when the former is invalidated, it is as though it had never existed, and the effect of the recomputation is to give the prisoner credit for the time he would have served had there never been a prior sentence. The relator has been given credit for the time served on the 1939 sentence which ran concurrently with the 1964 penalty.

The relator is, however, entitled to present the fact that his 1939 conviction has been invalidated to the court which sentenced him in 1964 so that it may be taken into consideration upon resentencing. Bauers v. Yeager, 261 F.Supp. 420 (D.N.J.1966); accord, United States ex rel. Jackson v. Myers, 374 F.2d 707, 712 (3d Cir. 1967).

The district attorney concedes that *Bauers,* supra requires that where a prior invalid sentence has been expunged subsequent to the sentencing of relator, the latter must have the opportunity of bringing that fact to the attention of the sentencing court, id. 261 F.Supp. at 424–425. He argues, however, that the case is inapposite because

> a state's conclusion that a present sentence cannot be disturbed despite the fact that there has been a prior invalid sentence does not constitute a denial of Due Process.

We fail to perceive any merit in this contention, since Judge Lane explicitly held that his decision was based on the requirements of due process, id. at 425, and further described his own holding as a "federal constitutional directive," id. at 425 n. 3.

United States ex rel. Watson, supra is in no way contrary to our holding. Although in that case relator had failed to exhaust his state court remedies and hence Judge Lord was forced to characterize his request as premature, 260 F. Supp. at 476, the judge nonetheless foresaw in approving dicta that the Commonwealth would recompute relator's most recent sentence to date from its imposition, id. at 475–476.

In the instant case relator has exhausted his state court remedies.

### ORDER

And now, January 26, 1968, after consideration of relator's petition, and the answer of the Philadelphia District Attorney's office, the relator's petition is denied insofar as it relates to the portion requesting that credit be given for time served on an invalid sentence. The writ is granted as concerns petitioner's request for resentencing. Petitioner is to remain in custody subject to the redetermination of his sentence on the 1964 conviction by the Pennsylvania Quarter Sessions Court at which time petitioner's acquittal on his 1939 conviction shall be taken into consideration; provided, however, that if resentencing should not be effected within 90 days of

---

3. If time served on an invalid sentence could be applied to reduce a future one, a person might have several years of prison time to nullify a sentence for a crime he had not yet committed, Bauers v. Yeager, 261 F.Supp. 420, 424 (D.N.J. 1966).

this order, petitioner is to be discharged from the custody of the state of Pennsylvania.

It is so ordered.