**UNITED STATES of America ex rel. Clem BRUCE**

v.

**Alfred T. RUNDLE.**

**Misc. No. 3919.**

United States District Court
E. D. Pennsylvania.

Aug. 28, 1968.

Arlen Specter, Dist. Atty., Philadelphia, Pa., for plaintiff.

Drew J. T. O'Keefe, U. S. Atty., Philadelphia, Pa., for defendant.

### MEMORANDUM AND ORDER

TROUTMAN, District Judge.

On November 25, 1932, relator pled guilty to burglary in the Criminal Courts of Philadelphia County, Bill No. 845, November Term 1932. He was sentenced to a term of five to ten years, and he served the maximum. On June 30, 1959, relator pled guilty to burglary in the Criminal Courts of Philadelphia County, Bill No. 294, June Term 1959. He was sentenced to a term of three to twelve years and was paroled on May 18, 1964. While on parole, relator was convicted of involuntary manslaughter and was sentenced to a term of two to four years as of December 26, 1965. After having served the minimum for his involuntary manslaughter conviction relator was detained in prison as a convicted parole violator effective December 26, 1967, to serve the remainder of his maximum 1959 sentence which he is now serving.

Relator has collaterally attacked both his 1932 and his 1959 conviction and sentence in the State Courts. In each instance the relief requested was denied in the lower court, the lower court was affirmed on appeal to the Superior Court of Pennsylvania, and the Pennsylvania Supreme Court denied allocatur.

In his petition for a writ of habeas corpus which is presently before this Court relator attacks his 1959 conviction and sentence alleging that his guilty plea was not voluntary, that he was not afforded the effective assistance of counsel and that it was improper for the

sentencing judge in 1959 to consider his 1932 conviction since at the time he entered the plea in that case he was not represented by counsel.

As to the voluntariness of his guilty plea, the State Court appointed counsel for relator and granted him a post-conviction hearing. At the hearing he testified that he was guilty of his crime, but that his attorney advised him prior to entering the guilty plea that the most he would get was one to two years' imprisonment. He admitted, however, that he understood that his attorney was merely stating his opinion and no promises of leniency were made by the Commonwealth. Under the circumstances, and after an extensive review of the record as a whole, we accept the State Court's determination that the guilty plea was voluntary since the issues relating thereto were resolved in the State Court proceedings after a full and fair hearing and is fairly supported by the record. Townsend v. Sain, 372 U.S. 293, 83 S. Ct. 745, 9 L.Ed.2d 770 (1963), as codified at 28 U.S.C. § 2254.

As to the ineffective assistance of counsel at the 1959 guilty plea hearing, no facts were adduced in support of this contention at the post-conviction hearing other than the allegation that relator's attorney advised relator that in his opinion he would get one to two years' imprisonment if he pled guilty.

This was considered by the hearing judge and our review of the record indicates that his refusal to grant relief on the ground of ineffective assistance of counsel was justified.

The principal contention [1] advanced by relator is that he should be resentenced on his 1959 conviction because it was improper for the sentencing judge in 1959 to consider his 1932 conviction since at the time he entered the plea in that case he was not represented by counsel. Nowhere in his State petition collaterally attacking the 1959 conviction did relator allege that he should have been resentenced because without counsel in 1932. At no time during the proceedings collaterally attacking the 1932 conviction did relator make reference to his 1959 conviction. The apparent reason for his failure to do so is that relator was unaware that this argument was possible until United States ex rel. Olden v. Rundle, 279 F.Supp. 153 (E.D.Pa.1968), which was filed after his post-conviction petitions were disposed of by the State Courts. Under the circumstances, the State Courts were not given a fair opportunity to pass upon the propriety of relator's sentence on the 1959 conviction. Accordingly, relator's petition for a writ of habeas corpus will be denied for failure to exhaust his State remedies.[2]

There is no probable cause for an appeal.

1. Apparently this is the only contention relator is interested in pressing as is evidenced by the concluding paragraph of his "Memorandum in Support of Habeas Corpus" which states as follows:

"However, relator being desirous of causing the least trouble for himself, and, the least dis-location of the functions of the Honorable Court, will not insist upon a technicality. If this Court under the doctrine of *Olden,* supra, can ascertain legal cause for ordering relator resentenced on his present sentence of 3-to-12—either on the merits of no Counsel at any stage on his 1932 conviction, or the admission of unconstitutionality of same by the Commonwealth—then relator can see no reason for a separate determination of his allegations as to Bill #294 with re-

gards to his present sentence of 3-to-12 and will accordingly welcome 'remand' for resentencing on that case without this Honorable Court having to reach its allegations on the merits."

The reference to *Olden,* supra, refers to United States ex rel., Olden v. Rundle, 279 F.Supp. 153 (E.D.Pa.1968), a copy of which is appended to relator's petition for a writ of habeas corpus.

2. The proper procedure for relator to follow at this time would be to file a post-conviction petition in the State Courts alleging that it was improper for the sentencing judge in 1959 to consider his 1932 conviction since at the time he entered the plea in that case he was not represented by counsel.