**UNITED STATES of America, Appellee,**

v.

**Newton David TRITICO, Appellant.**

**Nos. 19708, 19709.**

United States Court of Appeals, Eighth Circuit.

Feb. 6, 1970.

Newton David Tritico, Leavenworth, Kan., pro se.

Calvin K. Hamilton, U. S. Atty., and Frederick O. Griffin, Jr., Asst. U. S. Atty., Kansas City, Mo., for appellee.

Before VAN OOSTERHOUT, Chief Judge, and MATTHES and HEANEY, Circuit Judges.

HEANEY, Circuit Judge.

The defendant, Newton David Tritico, appeals in forma pauperis from an order of the United States District Court for the Western District of Missouri refusing to correct the sentences he is currently serving.[1]

A brief chronological summary of the sentences imposed and of other actions with respect to them will be helpful in understanding the issue involved.

(1) March 1, 1963: The defendant was sentenced by Judge Floyd R. Gibson, then a Judge of the United States District Court, to five years on each of two counts for violations of §§ 2, 371 and 2314, Title 18, U.S.C., the sentences to run concurrently.

(2) July 5, 1966: The defendant was conditionally released and placed on parole with 604 days remaining on the sentences imposed by Judge Gibson.

(3) September 5, 1967: The defendant was arrested on a parole violator's warrant and returned to prison.

(4) September 22, 1967: The defendant was convicted on three counts of narcotics violations and sentenced by Judge William H. Becker to three concurrent terms, the longest of which was three years. The sentence was to begin when the defendant had served and been unconditionally released from the 1963 sentence imposed by Judge Gibson.

(5) November 3, 1967: The defendant was convicted of interstate transportation of forged securities. Judge William R. Collinson imposed a three-year sentence to run concurrently with that imposed September 22, 1967, by Judge Becker.

(6) February 26, 1968: The defendant filed a motion pursuant to § 2255, Title 28, U.S.C., to vacate the sentence of March 1, 1963, alleging that he had not been represented by counsel of his choice at the time of sentencing.

(7) April 30, 1968: The defendant's motion was granted by Judge Elmo B. Hunter and the two five-year sentences imposed by Judge Gibson were vacated.

(8) May 3, 1968: The defendant was resentenced by Judge Hunter to serve two concurrent five-year terms for the 1963 convictions. After giving the defendant and his attorney the right of allocution, Judge Hunter specifically stated:

> "Although I have carefully reviewed Judge Gibson's sentence, the sentence I give you is mine, not his. I am exercising my own complete discretion and authority because when I set his sentence aside, that ended it, and the matter is now before me, and Judge Gibson's sentence no longer has any validity and is not in any way persuasive. * * *
>
> * * * * * *
> " * * * I can't find anything in your background to lead me to believe that at the time you were sentenced before, and at the time you are here now, that a five-year sentence is not a reasonable sentence and not one which should be imposed, and I don't have any disposition to place any other sentence on you than a five-year sentence. * * * "

---

1. The defendant brought a motion for correction of sentence pursuant to Rule 35, F.R.Crim.P.

Judge Hunter went on to say that:

"I do not intend to do any more than put you back in the same position with regard to good time and special credits that you would have been in had the original sentence of Judge Gibson remained. \* \* \*

\* \* \* \* \* \*

"And I will, in my present sentence, credit you with that three-day interval from April 30th to May 3rd, which is today. \* \* \*

\* \* \* \* \* \*

"I want him back in the same position as though he hadn't come here and attacked Judge Gibson's sentence. I don't want him to suffer any loss by having undertaken that action. \* \* \*"

(9) On October 22, 1968, the defendant filed a motion for correction of sentence. He contended, in substance, that the Bureau of Prisons incorrectly computed his sentence and that he should not be required to serve any additional time as a mandatory release violator because the sentence on which the violation was based had been set aside.

(10) The District Court refused to grant the defendant's motion for correction of sentence. The effect of the refusal is to require the defendant to serve the required period of time as a mandatory release violator and to serve the 1967 sentences in full. As we understand the situation, the defendant will thus be required to serve eleven months and two days longer than he feels he is obligated to serve.

We feel that the Bureau of Prisons and the District Court properly computed the date when the defendant will complete the service of his sentence. Although the sentence upon which the mandatory release violation is based was set aside, the court properly imposed a new sentence and the defendant can be required to fully serve it. Full service in this case includes the additional time imposed for violating the mandatory release.

The defendant cites Jenkins v. United States, 389 F.2d 765 (10th Cir. 1965);

Russell v. United States, 306 F.2d 402 (9th Cir. 1962); and United States v. Rundle, 279 F.Supp. 153 (E.D.Pa. 1968), in support of his position. Each of these cases can be distinguished on the grounds that, in each case, the judgment of conviction was set aside, not merely the sentence. The judgment of the lower court is affirmed.