STATE OF MINNESOTA ex rel. Glen R. HOLSCHER, Petitioner,

v.

Ralph H. TAHASH, Warden of Minnesota State Penitentiary, Respondent.

No. 3-63-9 Miscellaneous.

United States District Court
D. Minnesota,
Third Division.

Sept. 14, 1965.

David M. Beadie, George G. McPartlin, St. Paul, Minn., for petitioner.

Theodore R. Rix, Asst. County Atty. for Hennepin County, Minneapolis, Minn., for respondent.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

DONOVAN, District Judge.

The above-entitled civil action came on for hearing on an order to show cause before the undersigned judge of said court at the Federal Courts Building in St. Paul, Minnesota, on November 12, 1963, and June 28, 1965, pursuant to petitioner's application for a writ of habeas corpus.

At the hearing of November 12, 1963, Mr. George G. McPartlin of St. Paul, Minnesota, the court-appointed counsel, appeared as attorney for petitioner, and Mr. Charles E. Houston, Solicitor General of the State of Minnesota, St. Paul, Minnesota, appeared on behalf of respondent, and evidence was presented.

At the hearing of June 28, 1965, Mr. George G. McPartlin and Mr. David M. Beadie, both of St. Paul, Minnesota, appeared as attorneys for petitioner, and Mr. Theodore R. Rix, Assistant County

Attorney for Hennepin County, Minneapolis, Minnesota, appeared on behalf of the respondent.

Petitioner appeared pro se and sat at the counsel table at each of said hearings.

The two hearings had before this Court are in the record. The second hearing was had not because it was deemed necessary, but rather because of the possibility that some essential facts had been overlooked at the first hearing.

The Court having heard the evidence and having considered all of the proceedings heretofore had and the files and exhibits herein makes the following findings of fact and conclusions of law:

## FINDINGS OF FACT

### I.

Petitioner was indicted by the grand jury of Hennepin County, Minnesota, of murder in the first degree.

### II.

At petitioner's arraignment in the District Court of Hennepin County, Minnesota, a plea of not guilty was entered by said court and a qualified attorney was appointed to advise with and defend petitioner before and during trial.

### III.

In criminal proceedings in the District Court of Hennepin County, State of Minnesota, trial commenced on January 26, 1959, before said court and jury; on February 5, 1959, the petitioner was found guilty of the crime of murder in the third degree by a verdict of the jury; thereafter petitioner was sentenced to a term of imprisonment of 14 to 60 years in the Minnesota State Penitentiary at Stillwater, Minnesota. On June 20, 1959, petitioner filed a writ of error in the Supreme Court of Minnesota which was denied.[1] On June 25, 1962, petitioner's application for writ of certiorari was denied by the United States Supreme Court.[2]

### IV.

Petitioner is confined in the Minnesota State Penitentiary at Stillwater, Minnesota, pursuant to judgment of conviction and sentence of said State court.

### V.

Statements were introduced in evidence in the trial of the petitioner in said Hennepin County District Court as State's exhibits U, V, and CC1. There was no objection to the introduction of said exhibits at the time of said trial.

### VI.

The statements received in evidence were made voluntarily by petitioner.

### VII.

The petitioner testified that he requested the right to call an attorney in the early morning hours of January 10, 1959, prior to interrogation, which right he claims was denied him. The testimony offered on behalf of petitioner and respondent compels this Court to factually find that the petitioner made no request to call or see an attorney before or during the interrogation incident to the taking of the statements here in question.

### VIII.

The petitioner was not denied an opportunity to consult with counsel.

### IX.

The police did not inform the petitioner of a right to counsel nor did they warn him of the right to remain silent.

## CONCLUSIONS OF LAW

### I.

■ The statements of petitioner were properly received in evidence and were not taken under circumstances in violation of the constitutional right of the petitioner to assistance of counsel as provided by the Sixth Amendment to the Constitution of the United States. This

1. State v. Holscher, 261 Minn. 478, 113 N.W.2d 94.

2. Holscher v. State of Minnesota, 370 U.S. 955, 82 S.Ct. 1607, 8 L.Ed.2d 821.

Court concludes that in the absence of a request for an attorney and in the absence of a denial of opportunity to consult with an attorney, petitioner's constitutional rights under Escobedo v. State of Illinois[3] were not violated.

## II.

■ This Court further concludes that petitioner was not denied due process of law at his trial under the holding in Jackson v. Denno.[4] This Court, after two hearings and an examination of the record in this case, has made an independent determination on the issue of the voluntariness of the statements made by petitioner and admitted into evidence against him, and has found that the statements were made voluntarily. Thus, petitioner's right under Jackson v. Denno to a fair hearing and to a reliable determination on the issue of voluntariness has been satisfied. The statements were properly before the jury.

## III.

■ This Court further concludes that petitioner waived his right to object to the admission of the statements. The statements were received in evidence without any objection by either petitioner or his court-appointed counsel. Although both Jackson v. Denno and Escobedo v. State of Illinois were decided subsequent to petitioner's conviction, it is clear that an objection, especially on the issue of voluntariness, could have been easily made at the time of petitioner's trial if petitioner and his counsel had any desire to challenge the admission of the statements.[5]

## IV.

■ This Court further concludes that Escobedo v. State of Illinois and Jackson v. Denno are not retroactive, and are therefore not applicable to petitioner, since his conviction became final before the decisions in those cases. This Court is not convinced that Linkletter v. Walker[6] does not lead to this conclusion.

## V.

After re-examination of the facts and applicable law herein, this Court is convinced that any and all constitutional rights, and particularly those under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States, have been adhered to, lived up to, and respected by the Minnesota courts and the police who were or are in any manner involved in petitioner's case.

## VI.

■ Petitioner's sentence, which normally would have been from 7 to 30 years' imprisonment, was doubled to 14 to 60 years under a Minnesota statute, since petitioner had a prior felony conviction, in Fillmore County. Petitioner has succeeded in having the prior sentence vacated, and seeks reduction of his Hennepin County sentence. The record indicates that petitioner did not seek correction of his sentence on his appeal to the Supreme Court of Minnesota. If the sentence is excessive, the State trial court or the Minnesota Supreme Court or the State Board of Pardons (the Chief Justice of the Minnesota Supreme Court is a member thereof) can readily correct the matter; but relief by habeas corpus is premature.[7]

The thanks and appreciation of this Court is extended to all counsel for their able assistance at all hearings, at their oral arguments, and in their submitted

3. Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977.

4. Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908.

5. See Fay v. Noia, 372 U.S. 391, 439, 83 S.Ct. 822, 9 L.Ed.2d 837; see also Robinson v. United States, 8 Cir., 327 F.2d 618, 623.

6. Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601.

7. State ex rel. Nelson v. Tahash, 265 Minn. 330, 121 N.W.2d 584.

briefs. Appointed counsel have, as a matter of course, given of their time and efforts unstintingly and without thought of recompense.

An exception is allowed petitioner.