Arley C. BROWNING, Appellant,

v.

Sherman H. CROUSE, Warden, Kansas State Penitentiary, Lansing, Kansas, Appellee.

No. 8191.

United States Court of Appeals Tenth Circuit.

Feb. 9, 1966.

Jordan Hochstadt, Denver, Colo., for appellant.

Richard H. Seaton, Asst. Atty. Gen. (Robert C. Londerholm, Atty. Gen., of Kansas, and Park McGee, Asst. Atty. Gen., of Kansas, on the brief), for appellee.

Before LEWIS, BREITENSTEIN and HILL, Circuit Judges.

BREITENSTEIN, Circuit Judge.

The district court denied habeas corpus relief to appellant Browning, a prisoner in the Kansas State Penitentiary. Our concern is with a life sentence as an habitual criminal.[1]

In January, 1957, after a jury trial, Browning received a variety of sentences all of which have been served except the life term. He unsuccessfully appealed from his conviction and thereafter made many attempts to secure post-conviction relief in both state and federal courts.[2]

On his first appeal to this court [3] we rejected the claim that the life term was invalid because of procedural deficiencies. On his second appeal [4] Browning asserted that the two prior felony convictions on which the habitual criminal charge was based were void because of constitutional defects. We declined to consider the point because other sentences had not been served.

After our second decision, Browning filed a petition in state district court for relief under K.S.A. § 60–1507, the state's equivalent of 28 U.S.C. § 2255. The state court held that the two prior felony convictions were valid and that the sentences were proper. The pending habeas petition was then presented to the federal district court. A hearing was held at which all parties relied on the record made in previous federal habeas proceedings.

The two felony convictions relied on to sustain the habitual criminal charge were a 1943 Missouri conviction for robbery and a 1950 Oklahoma conviction for armed robbery. The district court held that the Missouri conviction was void because Browning, then 17 years old, was not represented by counsel.[5] The warden does not attack this determination. The court upheld the Oklahoma conviction, finding that the appellant had been advised of his right to counsel. On the basis of the validity of the Oklahoma conviction the court concluded that Browning was subject to sentence as

1. G.S.Kan.1949, §§ 21–107a and 21–109. See also State v. Liebeno, 163 Kan. 421, 183 P.2d 419, 423. The district court held that three sentences for first degree robbery were invalid under Kansas law. Neither party attacks that determination and in any event such 15-year sentences have been served.

2. These are listed in our opinion in Browning v. Crouse, 10 Cir., 327 F.2d 529.

3. Browning v. Hand, 10 Cir., 284 F.2d 346, certiorari denied 369 U.S. 821, 82 S.Ct. 833, 7 L.Ed.2d 786.

4. Browning v. Crouse, 10 Cir., 327 F.2d 529.

5. See Gideon v. Wainright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799.

a second offender to a term of 20 to 42 years;[6] that the excessive portion of the sentence was severable from a proper sentence; and that Browning was not entitled to release.[7]

■ In the Oklahoma case appellant pleaded guilty to a charge of robbery with a firearm punishable by death or imprisonment.[8] The right of an accused in a capital case to have the aid of counsel is guaranteed by the Fourteenth Amendment.[9] This right is also assured by the Oklahoma statutes.[10] Appellant testified unequivocally that he had not been advised of his right to counsel and had not been afforded counsel. To rebut this the warden presented a certified copy of the Oklahoma court docket and an affidavit by the sentencing judge. The only pertinent docket entry reads:

"Deft. each present in court [Browning was charged jointly with one Snyder] in person, duly arraigned and advised of their rights and each enter his plea of not guilty."

The affidavit concludes thus:

"As I said above, I have no independent recollection of Mr. Browning's case. It is my opinion, however, that I did advise him of his right to counsel for I can remember no case in which I did not follow such procedure."

■ The question is whether a docket entry referring generally to "rights" without specifying what rights and an affidavit stating a practice are sufficient to sustain the district court's finding that the appellant was "advised of his constitutional rights and his right to be represented by counsel." We believe that it is not. Appellant's testimony was positive and unimpeached by cross-examination. The indefinite and inconclusive showing made by the warden casts only a conjectural and insubstantial doubt on its verity. The testimony "may not be disregarded, even though adduced from interested witnesses, and no question of credibility or issue of fact is presented for determination" by the trier of the facts.[11] The situation is either that Browning was not properly advised of his constitutional and statutory rights in the Oklahoma proceedings or that the Oklahoma court did not keep a complete record of those proceedings. When a record fails to show affirmatively that the required safeguards are provided, their existence may not be inferred from a general statement of a practice. Even if Browning was advised of his right to counsel, nothing in the record, and no finding by the district court, establishes that he knowingly and voluntarily waived that right. In our opinion the Oklahoma conviction was void and subject to collateral attack in the federal habeas proceedings.

■■ Because of the invalidity of the habitual criminal sentence, the robbery charge on which it was based must be considered as a first offense, the term for which is 10 to 21 years.[12] The life term is separable from the permissible statutory term of years. The sentencing court had jurisdiction over the person of Browning and over the offense. In United States v. Pridgeon, 153 U.S. 48, 62, 14 S.Ct. 746, 751, 38 L.Ed. 631, the Supreme Court said:

" * * * the imposition of a sentence in excess of what the law permits does not render the legal or authorized portion of the sentence void, but only leaves such portion of the sentence as may be in excess open to question and attack."

Kansas has recognized this principle. In Loftis v. Amrine, 152 Kan. 464, 105

---

6. G.S.Kan.1949, § 21–107a.

7. Browning's potential release date from a 20 to 42-year sentence is June 19, 1981.

8. O.S.1941, § 21–801.

9. Powell v. State of Alabama, 287 U.S. 45, 68–71, 53 S.Ct. 55, 77 L.Ed. 158.

10. O.S.1941, § 22–464.

11. Nicholas v. Davis, 10 Cir., 204 F.2d 200, 202. See also Potucek v. Cordeleria Lourdes, 10 Cir., 310 F.2d 527, 531, certiorari denied 372 U.S. 930, 83 S.Ct. 875, 9 L.Ed.2d 734.

12. G.S.Kan.1949, §§ 21–527 and 21–530.

P.2d 890, it was held that the imposition of a 20-year sentence when the statute violated prescribed a sentence not to exceed 10 years did not result in a void sentence. Our own decisions are in accord.[13]

 The district court found that the potential release date for Browning on a 21-year sentence would be April 19, 1969. It follows that the present detention of Browning is lawful and he is not entitled to habeas relief.[14]

Affirmed.

13. See McKinney v. Finletter, 10 Cir., 205 F.2d 761, 763; and Fields v. Hunter, 10 Cir., 167 F.2d 547, 548.

14. McNally v. Hill, 293 U.S. 131, 139, 55 S.Ct. 24, 79 L.Ed. 238.