Francisco GALLEGOS, Appellant,

v.

Harold A. COX, Warden, New Mexico
State Penitentiary, Appellee.

No. 8544.

United States Court of Appeals
Tenth Circuit.

March 25, 1966.

Thomas A. Donnelly, Santa Fe, N. M.,
for appellant.

L. D. Harris, Special Asst. Atty. Gen.
(Boston E. Witt, Atty. Gen., State of
New Mexico, with him on the brief), for
appellee.

Before LEWIS, BREITENSTEIN and
SETH, Circuit Judges.

BREITENSTEIN, Circuit Judge.

After a hearing at which appellant-pe-
titioner appeared with counsel and tes-
tified in his own behalf, the district court
denied habeas corpus relief to appellant
who is serving a life term in the New
Mexico penitentiary on his 1952 plea of
guilty to the rape of a girl five years and
nine months of age.

The information to which appellant
made his plea is said to be so vague and
indefinite as to violate the requirements
of due process. At the time of the of-

**704**

fense New Mexico had two pertinent statutes. N.M.S.A. 1941 Comp. § 41–3901 covers rape of a female under the age of 16 or over that age when resistance is overcome by force or other means and provides a penalty of one to 99 years. N.M.S.A. 1941 Comp. § 41–3902 applies to the rape of a female child under 10 years of age and provides a penalty of life imprisonment. The information charged the rape on August 31, 1951, in Guadalupe County, New Mexico, of a named female "being under the age of ten years, to-wit, of the age of five years and nine months." On the original the word "ten" is written in ink over the typed word "sixteen." The commitment shows the crime as that of rape of a child under the age of ten and the sentence to be a life term.

■■ The argument is that the information states an offense under both § 41–3901 and § 41–3902, and hence, does not sufficiently advise the defendant of the offense and possible penalty. We are not impressed. The information alleges all the essential elements of the offense proscribed by § 41–3901. A judgment entered thereon bars further prosecution.[1] The overlap in the statutes did not hurt the appellant. The information expressly states the age of the child, and that age is under ten years.

■■ At the habeas hearing held nearly 13 years after the offense and the state proceedings the appellant testified that his guilty plea was not made knowingly and understandingly. To rebut this the warden introduced only the state court records which did not include a transcript of the proceedings at ar-

raignment and sentence. The record and briefs show that the state judge, his reporter, and the appointed counsel who appeared for appellant are all dead. The unavailability of the transcript occurred through no fault of the state and it may rely on the presumption that appellant's lawyer adequately protected his rights.[2] The testimony of the appellant failed to rebut that presumption because the trial court found that it "is so inherently improbable that it is unworthy of belief." We have read that testimony and agree with the trial court. In Nicholas v. Davis, 10 Cir., 204 F.2d 200, 202,[3] we said that "controlling, positive and uncontradicted evidence" may not be disregarded but qualified that statement by making it applicable when the evidence "is not inherently improper, and no circumstance reflected on the record casts doubt on its verity." Here the trial court found inherent improbability and the state, through no fault of its own, was prevented from producing the transcript. In the circumstances we hold that the guilty plea was made knowingly and voluntarily.

■■ The record is inconclusive as to whether a preliminary hearing was held before the filing of the information. The point is unimportant because we have repeatedly held that a voluntary plea of guilty waives all defects in the proceedings preliminary thereto.[4] The suggestion made in this court that appointed counsel in the state proceedings was not competent and effective need not be considered because it was not raised below.

Affirmed.

1. Nunley v. United States, 10 Cir., 339 F.2d 442, 443; Flores v. United States, 10 Cir., 338 F.2d 966, 967.

2. See Norvell v. State of Illinois, 373 U.S. 420, 424, 83 S.Ct. 1366, 10 L.Ed.2d 456.

3. This decision was followed in Potucek v. Cordeleria Lourdes, 10 Cir., 310 F.2d

527, 531, certiorari denied 372 U.S. 930, 83 S.Ct. 875, 9 L.Ed.2d 734, and in Browning v. Crouse, 10 Cir., 356 F.2d 178.

4. See Pearce v. Cox, 10 Cir., 354 F.2d 884; and Gantar v. Cox, 10 Cir., 351 F.2d 61.