**Howard Taft MILLER, Appellant,**

v.

**Harold A. COX, Warden, New Mexico State Penitentiary, Appellee.**

**No. 8641.**

United States Court of Appeals
Tenth Circuit.

Aug. 11, 1966.

Jack T. Klauck, Denver, Colo., for appellant.

L. D. Harris, Sp. Asst. Atty. Gen. (Boston E. Witt, Atty. Gen. of New Mexico, on the brief), for appellee.

Before LEWIS, BREITENSTEIN and HILL, Circuit Judges.

PER CURIAM.

Appellant Miller, a prisoner in the New Mexico penitentiary, is serving a life sentence imposed in 1950 after a jury verdict finding him guilty of murder in the first degree. On his petition for federal habeas corpus the district court held an evidentiary hearing and denied relief.

The claim is that he was not afforded counsel prior to police interrogation and that a coerced confession was used against him at his state court trial. The first point is answered by Johnson v. State of New Jersey, 384 U.S. 719, 86 S. Ct. 1772, 16 L.Ed.2d 882, which denies retroactive application of the principles announced in Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, and in Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694.

On conflicting evidence the district court held that no coercion was used. The absence of a transcript of the proceedings at the jury trial does not detract from such finding. The unavailability of such transcript was due to the death of the reporter and the disappearance of his notes. It did not occur through any fault of the state. See Gallegos v. Cox, 10 Cir., 358 F.2d 703. At the murder trial the prisoner testified in his own behalf. The instructions, which have been preserved, show that the voluntariness of the confession was properly considered and determined adversely to him.

Affirmed.