# STATE v. GLEN RAY HOLSCHER.

159 N. W. (2d) 280.

May 24, 1968—No. 40,853.

*Glen Ray Holscher,* pro se, for appellant.

*Douglas M. Head,* Attorney General, *George M. Scott,* County Attorney, and *Henry W. McCarr, Jr.,* Assistant County Attorney, for respondent.

PETERSON, JUSTICE.

Defendant was adjudged guilty in Hennepin County District Court on February 5, 1959, of the crime of third-degree murder upon evidence which included three incriminating statements made by him to police officers prior to trial. He had previously been convicted of a felony in Fillmore County District Court, so the sentence in Hennepin County District Court, statutorily doubled by reason of the prior felony convic-

tion,[1] was for an indeterminate term of 14 to 60 years;[2] but that prior judgment of conviction was *thereafter* vacated by the Fillmore County District Court on December 17, 1962, upon defendant's coram nobis petition.

Questions concerning the voluntariness of defendant's incriminating statements and the propriety of his sentence have been exhaustively heard and considered in both state and Federal courts but without final disposition. The judgment of conviction was reviewed on writ of error and affirmed by this court on January 19, 1962, State v. Holscher, 261 Minn. 478, 113 N. W. (2d) 94, certiorari denied, 370 U. S. 955, 82 S. Ct. 1607, 8 L. ed. (2d) 821, in which we held that defendant had been accorded a fair trial and that the evidence of his guilt was overwhelming and beyond a reasonable doubt.[3] On January 10, 1963, defendant commenced a habeas corpus proceeding in Washington County District Court, and the petition was thereafter denied. He then moved in Hennepin County District Court to vacate the judgment, which motion was denied on April 5, 1963. This was followed by another petition for habeas corpus in Washington County District Court, which was denied on June 22, 1963. The next stage was in Federal court. Defendant commenced a habeas corpus proceeding in the United States District Court of Minnesota on July 2, 1963, where his petition was heard and denied. However, on appeal to the United States Court of Appeals, the case was reversed and remanded to the United States District Court. State ex rel. Holscher v. Tahash (8 Cir.) 346 F. (2d) 556. District Judge Dennis F. Donovan conducted an evidentiary hearing on June 28, 1965, and the petition was again denied. State ex rel. Holscher v. Tahash (D.

---

[1] Pursuant to Minn. St. 1961, § 610.28 (since repealed and replaced by § 609.155).

[2] Minn. St. 1961, § 619.10 (since repealed and replaced by § 609.195), provided a penalty of 7 to 30 years for third-degree murder.

[3] The grand jury indictment was for first-degree murder. Defendant had brutally assaulted four minor children, fatally wounding one of them, an 11-year-old girl. He was a sexual deviate and had molested another of the assaulted children, an 8-year-old girl. That he was ably represented by counsel is apparent in the record, as well as the resulting verdict for a lesser included offense.

Minn.) 255 F. Supp. 684. But the Court of Appeals on August 19, 1966, vacated the judgment of conviction and remanded with directions to grant the State of Minnesota a reasonable time to afford defendant an evidentiary hearing on the issue of the voluntariness of his statements or, in the alternative, a new trial. State ex rel. Holscher v. Tahash (8 Cir.) 364 F. (2d) 922. On remand, an evidentiary hearing was held in Hennepin County District Court before Judge Rolf Fosseen, who had presided at the original trial, and on March 16, 1967, Judge Fosseen made detailed findings of fact, conclusions of law, and an order denying defendant's motion for a new trial and reinstating the judgment of conviction and sentence. This appeal followed.

■ The sole issue presented on *this* appeal is whether the evidence supports the state district court's findings and conclusions that defendant's three incriminating statements were voluntarily and freely given by him and not under any circumstances violating his constitutional rights. We hold that it does, and amply so. No useful purpose would be served by a recital of the detailed findings or the supporting evidence. It suffices to observe that they are more detailed than, and fully consistent with, the prior findings of Judge Donovan, 255 F. Supp. 684, 685, 686, as to which the Court of Appeals had said (364 F. [2d] 922, 925), "[T]he record clearly affords substantial and most adequate support." The only reason for the remand was that at trial the issue of voluntariness had not been determined by the state court itself but had been instead submitted to the jury, contrary to the constitutional rule of due process declared in Jackson v. Denno, 378 U. S. 368, 84 S. Ct. 1774, 12 L. ed. (2d) 908. That judicial determination has now been made by the state court in accordance with the Federal mandate. It follows, therefore, that the order denying defendant a new trial and reinstating the judgment may be, and is, affirmed.

■ Although not directly presented on this appeal, the propriety of defendant's increased sentence due solely to the now-vacated conviction for a prior felony is still a matter for disposition by this state. It should be resolved now. Prior to sentencing, defendant pleaded guilty to an information charging him with a prior felony conviction, freely admitting commission of the offense involved; but at the same time he

disclosed some doubt concerning the validity of the conviction on the ground that, although he was a juvenile at the time of the offense, his parents had not been notified, as required by statute,[4] before he was bound over to district court—the same ground upon which the judgment was vacated on December 17, 1962. The doubled sentence is imposed by the self-executing statutory provision and is not a matter of discretion of the sentencing court. Upon proper application by defendant to the Adult Corrections Commission, therefore, his sentence should forthwith be corrected to limit it to the maximum penalty provided by statute for the crime of third-degree murder without any increased penalty for a prior felony conviction.

Affirmed.

---

[4] Minn. St. 1957, § 260.08 (since repealed).