Glen Ray **HOLSCHER,** Appellant,

v.

**Jack G. YOUNG, Warden and Paul W. Keve, Commissioner of Corrections, Appellees.**

**No. 20506.**

United States Court of Appeals, Eighth Circuit.

April 6, 1971.

Robin A. Jacob, Joseph Robbie, Minneapolis, Minn., for appellant.

Douglas M. Head, Atty. Gen., St. Paul, Minn., George M. Scott, Hennepin County Atty., Henry W. McCarr, Jr., Asst. County Atty., Minneapolis, Minn., for appellees.

Before VOGEL and ROSS, Circuit Judges, and STEPHENSON, Chief District Judge.

ROSS, Circuit Judge.

This is an appeal from the denial of Holscher's petition for a writ of habeas corpus under 28 U.S.C. § 2241(c)(3). We affirm.

On February 6, 1959 Holscher was convicted of third degree murder and sentenced to a prison term of not less than fourteen nor more than sixty years under two Minnesota statutes which provided that murder in the third degree should be punished by imprisonment for not less than seven nor more than thirty years [1] and that such punishment must be doubled if the person so convicted had been previously convicted of a felony.[2] Since Holscher had theretofore

1. The law in effect on February 6, 1959, the date of Holscher's original sentence, was ch. 314, § 2 [1941] Minn.Laws (repealed 1963 and replaced by Minn.Stat. Ann. § 609.195). That law provided as follows:

"Such killing of a human being, when perpetrated by act eminently dangerous to others, and evincing a depraved mind, regardless of human life, although without a premeditated design to effect the death of any individual, or without a design to effect death, by a person engaged in the commission of, or in an attempt to commit, any felony, except rape, assault with an attempt to commit rape, indecent assault, or sodomy, either upon or affecting the person killed or otherwise, is murder in the third degree, and shall be punished by imprisonment in the state prison for not less than seven years, nor more than thirty years."

2. The law in effect on February 6, 1959 was ch. 236 § 1 [1927] Minn.Laws (repealed 1963 and replaced by Minn.Stat.

been convicted of a felony, grand larceny, the sentence was doubled. On December 17, 1962 the prior conviction for grand larceny was vacated on the grounds that Holscher was a minor at the time of the conviction and his parents had not been notified of the proceedings as required by Minnesota law. No action was taken by the State of Minnesota to reduce the sentence at that time.

Subsequent to his conviction in 1959, Holscher filed a series of post conviction petitions which eventually resulted in two prior decisions by this Court, State ex rel. Holscher v. Tahash, 346 F.2d 556 (8th Cir. 1965) and State ex rel. Holscher v. Tahash, 364 F.2d 922 (8th Cir. 1966). Reiterating the history of Holscher's various actions set forth in these opinions would serve no useful purpose other than to reveal that this Court at 364 F.2d 924 n. 4 recognized that his first felony conviction had been vacated and stated that "state remedies remain[ed] available to Holscher to correct this situation".

Thereafter, the Hennepin County District Court, pursuant to this Court's remand order, held a voluntariness hearing and found, on March 16, 1967 that Holscher's statements were voluntary. After a motion for rehearing was denied, Holscher filed an appeal with the Minnesota Supreme Court which, on May 24, 1960, affirmed the district court's decision. State v. Holscher, 280 Minn. 313, 159 N.W.2d 280 (1968). While the Supreme Court of Minnesota dealt primarily with the voluntariness of statements made by Holscher, it did notice that his sentence had not been reduced and made the following statement:

"Although not directly presented on this appeal, the propriety of defendant's increased sentence due solely to the now-vacated conviction for a prior felony is still a matter for disposition by this state. It should be resolved now. Prior to sentencing, defendant pleaded guilty to an information charging him with a prior felony conviction, freely admitting commission of the offense involved; but at the same time he disclosed some doubt concerning the validity of the conviction on the ground that, although he was a juvenile at the time of the offense, his parents had not been notified, as required by statute, before he was bound over to district court—the same ground upon which the judgment was vacated on December 17, 1962. The doubled sentence is imposed by the self-executing statutory provision and is not a matter of discretion of the sentencing court. *Upon proper application by defendant to the Adult Corrections Commission, therefore, his sentence should forthwith be corrected to limit it to the maximum penalty provided by statute for the crime of third-degree murder without any increased penalty for a prior felony conviction.*"

State v. Holscher, 159 N.W.2d at 282–283 (footnote omitted and emphasis added).

Ann. § 609.155). That law provided as follows:

"Every person who, after having been convicted in this state of a felony or an attempt to commit a felony, or, under the laws of any other state or country, of a crime which, if committed in this state, would be a felony, commits any felony or attempts to commit any felony, in this state, upon conviction thereof, shall be punished as follows:
(1) If the subsequent crime is such that the offender, upon a first conviction, might be punished by a definite sentence of imprisonment for life, he shall be sentenced to imprisonment in the state prison for life;
(2) If the subsequent crime is such that upon a first conviction the offender might be punished by an indeterminate sentence of imprisonment, then he shall be sentenced to imprisonment under an indeterminate sentence for not less than twice the shortest term nor more than twice the longest term prescribed upon a first conviction; provided, that nothing herein shall reduce any minimum sentence now or hereafter fixed by any other law of this state."

On May 26, 1968, Holscher applied to the Minnesota Adult Corrections Commission for a correction of the sentence as suggested by the Minnesota Supreme Court. On June 15, 1968, T. F. Telander, Chairman of the Minnesota Adult Corrections Commission, refused to alter or amend the sentence for the reason that he did not have the power to vacate a sentence or impose a new sentence. Therefore, on September 4, 1968, Holscher applied for correction of his sentence to the Minnesota Commissioner of Corrections who, on September 18, 1968, issued an order to the warden of the Minnesota state prison which stated in part:

"While it is recognized that the Adult Corrections Commission has no custody of an inmate until parole is granted, the Commissioner of Corrections does have custody.

Therefore, it being established that, absent a prior conviction, the excess over the maximum penalty provided by law for the offense of which Holscher stands convicted is void, substantial equity and justice would dictate that Holscher's sentence should be limited to the maximum provided by law for the offense of which he now stands convicted.

I have been advised that a reasonable construction of the Court's holding would substitute 'Commissioner of Corrections' for 'Adult Corrections Commission', and application having been made by Holscher for correction of his sentence, *you,* as warden of the State Prison, *are hereby instructed to record the sentence being served by Glen Ray Holscher as being 7–30 years,* the penalty for Murder, 3rd degree, at the time of his conviction in 1959." (emphasis added)

In January of 1969 Holscher filed a petition for post conviction relief in the District Court for Hennepin County, Minnesota, which apparently was not acted upon.

Holscher then filed a petition for a writ of habeas corpus in the United States District Court, District of Minnesota, which was denied on July 7, 1969 because Holscher had not exhausted his state remedies. On August 12, 1969, he applied to the Supreme Court of Minnesota for a writ of habeas corpus ad subjiciendum, which was denied on September 3, 1969.

After exhausting his state remedies, Holscher again filed a petition for a writ of habeas corpus in the United States District Court, District of Minnesota. In his petition, he alleged that he was being held under an illegal sentence and under two separate sentences for the same crime in violation of the double jeopardy and due process clauses of the fifth and fourteenth amendments of the United States Constitution. He further alleged that any sentence he could then be given with credit for time served, would be more than three years over the maximum allowed by law. His petition was denied without a hearing on July 6, 1970. From that denial, after obtaining the necessary certificate of probable cause from the district court, Holscher filed this appeal.

On this appeal, Holscher makes four principal allegations.

1. That the Supreme Court of Minnesota in its attempt to limit his sentence effectively denied his right to a resentencing hearing in violation of the due process and equal protection clauses of the fifth and fourteenth amendments to the United States Constitution and of article 1, section 7 of the Minnesota Constitution;

2. That his current sentence should be credited with the time he served on his vacated conviction;

3. That, if he be resentenced, the resentencing should be done pursuant to the statute in effect at the present

time [3] rather than the one in effect at the time he was originally sentenced;

4. That, by changing his sentence, the Commissioner of Corrections of the State of Minnesota effectively placed Holscher in double jeopardy and violated his rights to due process and equal protection under the fifth and fourteenth amendments to the United States Constitution and under article 1, section 7 of the Minnesota Constitution.

Holscher's allegations center around the vacation of his prior felony conviction and its effect upon his constitutional rights. Had Holscher's prior conviction not later been vacated, the Court's original sentence would have been valid under applicable Minnesota law. However, since the prior conviction was vacated, three questions are before this Court: First, did the vacation of Holscher's prior felony require his resentencing? Second if it did not, did the changing of his sentence violate any of his constitutional rights? And third, if it did require resentencing, would the new penalty for murder in the third degree be applicable and should he be given credit for time served on the vacated conviction?

Holscher contends that "[b]y denying [him] his acknowledged right to resentencing hearing, the Court removed all possibility that he might finally be given proper, unbiased, informed evaluation of his conviction, in light of such evidence as might be revealed through presentence investigation, before sentence was imposed." Whereas, the State of Minnesota contends that the later-vacated prior conviction had no other effect but to invoke the double punishment provision of the existing Minnesota law and that the argument that the sentencing judge might conceivably impose a lesser sentence is absurd when consid-ered in the totality of the circumstances as revealed by the record, especially since Holscher's prior conviction was vacated upon only a procedural inadequacy.

Considered as an abstract legal principle, Holscher's contention that resentencing is necessary finds some support in two Minnesota cases and in two federal district court cases. In State ex rel. Holm v. Tahash, 272 Minn. 466, 139 N.W.2d 161 (1965), the Minnesota Supreme Court in a habeas corpus action permitted the appellant Holm to collaterally attack the validity of a prior conviction employed to increase the sentence imposed on the ground of claimed denial of the federal constitutional right of counsel in the prior conviction. In setting forth its reason for its ruling that Holm should be granted a hearing, the Court stated as follows:

"While it may be argued that he is being permitted to litigate his right to liberty at a future date, the real effective basis for his continued imprisonment could well be the increased punishment imposed. If he establishes his claim, his prior conviction is void. Upon remand, his sentence could not be increased because of his prior record. On the contrary, it is remotely possible that the resentencing judge might limit the maximum to less than 40 years for the present offense. It is also possible, even though unlikely, that the sentence could be limited to no more than the period he has already served, which now exceeds twice the minimum sentence of 5 years for the present offense. Under his present sentence, it is reasonable to believe, as he argues, that his opportunities, if not his eligibility, for release on parole are adversely affected. At least they would be affected to the extent that the time between periodic hearings before the paroling authority, customarily granted to all inmates,

---

3. The statute now in effect establishing the sentence for murder in the third degree is Minn.Stat.Ann. § 609.195. This statute provides that a person so convict-ed of third degree murder may be sentenced to imprisonment for not more than 25 years.

may be increased solely because of the length of his sentence."

State ex rel. Holm v. Tahash, supra at 164 (footnotes omitted). See also State ex rel. Searles v. Tahash, 271 Minn. 304, 136 N.W.2d 70, 74 (1965).

In the case of Bauers v. Yeager, 261 F.Supp. 420 (D.N.J.1966), the petitioner Bauers claimed that due process required that time served on a prior illegal sentence, expunged subsequent to the date of his current sentence, should be credited on the sentence he was then serving. The Court held that due process did not require that he be credited with the time he spent in prison under the illegal sentence for a different crime. However, the Court did order the resentencing of Bauers and in so doing stated as follows:

"We reject petitioner's major contention and conclude that due process does not require that he be credited with the time he spent in prison under the illegal sentence. If it did, that would mean that the situation could be created wherein a person might have several years of prison time to apply to a sentence for a crime that he has not yet committed or for which he has not yet been prosecuted.

However, our conclusion does not mean that petitioner is to be denied relief by this court. In the usual case, where a defendant has served time under a sentence which had been judicially declared illegal and is subsequently brought before a court for sentencing on another matter, he has the opportunity of bringing that fact to the attention of the sentencing court. In the instant case, however, because of the timing of the suit brought to have the sentence expunged, petitioner could not present the pertinent fact to the court at the time of his sentencing in 1961. Illegally depriving a man of his liberty for a period of time is a serious matter, and we feel that due process requires that petitioner be given the op-

portunity of presenting this fact for consideration to the sentencing court." Bauers v. Yeager, supra at 424 (footnote omitted). See also United States ex rel. Olden v. Rundle, 279 F.Supp. 153 (E.D. Pa.1968).

In United States v. Erickson, 300 F. Supp. 1236 (E.D.Ark.1969), the Court refused to resentence the defendant after a prior conviction had been set aside subsequent to the second sentencing. There had been no statutory addition to the petitioner's second sentence because of the conviction later vacated, however. The Court there stated:

"Even if a sentencing judge made a mistake as to a collateral fact when imposing a sentence on a defendant, it would seem clear that such a mistake would not impair the validity of the sentence if, as here, the court had jurisdiction of the offense and of the person of the defendant and if, again as here, the length of the sentence imposed was within statutory limits." United States v. Erickson, supra at 1240.

Furthermore, in Browning v. Crouse, 356 F.2d 178 (10th Cir.), cert. denied, 384 U.S. 973, 86 S.Ct. 1864, 16 L.Ed.2d 683 (1966), the Court did not require the resentencing of the petitioner whose habitual criminal sentence was found invalid due to constitutional defects. The Court stated at 356 F.2d 180 (footnote omitted):

"Because of the invalidity of the habitual criminal sentence, the robbery charge on which it was based must be considered as a first offense, the term for which is 10 to 21 years. The life term [imposed by the habitual criminal statute] is separable from the permissible statutory term of years."

Then quoting from United States v. Pridgeon, 153 U.S. 48, 62, 14 S.Ct. 746, 38 L.Ed. 631 (1894), the Court said at 356 F.2d 180:

"the imposition of a sentence in excess of what the law permits does not ren-

der the legal or authorized portion of the sentence void, but only leaves such portion of the sentence as may be in excess open to question and attack."

In continuing the quote from *Pridgeon*, the Supreme Court said:

"In other words, the sound rule is that a sentence is legal so far as it is within the provisions of law and the jurisdiction of the court over the person and offence, *and only void as to the excess, when such excess is separable, and may be dealt with without disturbing the valid portion of the sentence.*" (emphasis added)

This rule was also recognized by this Court in Salazar v. United States, 236 F. 541, 542 (8th Cir. 1916).

█ In this case, this Court believes that the doubling of Holscher's sentence from seven to thirty years to fourteen to sixty years is clearly separable from the seven to thirty years portion of his sentence and that it may be separated without disturbing the valid portion of his sentence. In Buie v. King, 137 F.2d 495, 499 (8th Cir. 1943), this Court held that, in a habeas corpus proceeding to correct a sentence, the intent appearing in the judgment entry controls. This rule is especially applicable to this case. The sentencing judge made it clear in his sentencing order that the crime of third degree murder and the facts attendant thereto were the reasons Holscher was sentenced to a term of seven to thirty years.[4] The doubling of that term as a result of the prior conviction was mandatory under the statute. Thus this case is distinguishable from United States ex rel. Jackson v. Myers, 374 F.2d 707 (3rd Cir. 1967) where the sentencing judge relied upon the mistaken belief that the defendant had three rob-

bery by strongarm convictions rather than one and used that as a basis for a sentence greater than that given one of the co-defendants. Further, this case is also distinguishable from Townsend v. Burke, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948), where the defendant was not represented by counsel and the judge in sentencing him apparently was influenced by one dismissed charge and two charges of which the defendant was adjudged not guilty. In this case, the record indicates that the Court was not influenced by Holscher's prior felony but primarily by the evidence and circumstances of the case before it.

Furthermore, under the circumstances of this case, even if the seven to thirty year portion was not separable from the fourteen to sixty year sentence and re-sentencing were required, the only logical conclusion that is possible is that re-sentencing Holscher by the state trial court would not result in a sentence of shorter duration than the seven to thirty year term presently recorded by the Commissioner of Corrections pursuant to directions of the Supreme Court of Minnesota and at the request of Holscher himself. This is especially true since the vacation of the first conviction was on a legal technicality and since Holscher had freely admitted to the trial court the commission of the earlier crime. In the opinion of this Court these circumstances distinguish this case from the *Holm* and *Bauers* cases supra.

If it could be truthfully said that the seven to thirty year portion of the sentence for the third degree murder conviction appeared to be partially the result of the trial court's reliance on Holscher's prior conviction and thus not separable from the fourteen to sixty

---

4. The remarks of the sentencing judge leave no doubt that the prior grand larceny conviction was not otherwise a factor in the sentence imposed when he stated:

"It is the opinion of the Court, that you, GLEN RAY HOLSHER [sic], naturally and inherently have a corrupt, perverted and depraved mind with no concern for morals or human life. That under the *evidence and circumstances of this case* the Court recommends that you not be given favorable consideration for either parole or pardon and that you serve most, if not all, of the maximum sentence imposed by law." (emphasis added)

year sentence, then a different result might be indicated.

In reaching the conclusion that defendant need not be resentenced, this Court also concludes that the changing of Holscher's sentence did not violate any of his constitutional rights, thus specifically rejecting the three claims made by Holscher upon appeal.

■ Due process does not require that Holscher be credited with the time spent in prison under the prior illegal conviction of a crime unrelated to the present case. Holscher relies on the case of Hill v. Holman, 255 F.Supp. 924 (M.D.Ala.1966), but despite the broad language used in that opinion, the credit for time served which was allowed in that case was for time spent in prison under a prior illegal sentence, against a sentence later imposed for the *same* crime. The rule has been heretofore correctly stated above in quoting from Bauers v. Yeager, supra, 261 F.Supp. at 424. See also United States v. Erickson, supra, 300 F.Supp. at 1240; United States ex rel. Olden v. Rundle, supra, 279 F.Supp. at 154; United States ex rel. Watson v. Commonwealth, 260 F.Supp. 474, 475 (E.D.Pa.1966).

■ Holscher's claim that he should be resentenced under the present Minnesota statute is also without merit. In adopting the present Minnesota Criminal Code of 1963 the legislature also passed section 609.015 which specifically provides in part that crimes committed prior to the effective date of the chapter are not affected thereby. Holscher cites no statutory or case authority to challenge the validity of this section.

■ Holscher also claims, without offering legal support, that the actions of the Commissioner of Corrections in changing his sentence to seven to thirty years placed him in double jeopardy and violated his rights to due process and equal protection under the federal and state constitutions. This contention is without merit. Even assuming Holscher's allegations that the Commissioner of Corrections was without authority to

substitute himself for the Adult Corrections Commission to change Holscher's sentence, this Court can not reach the conclusion that the Commissioner's changing of Holscher's sentence placed him in double jeopardy because his prior sentence has not been vacated. Under Minnesota law, the changing of a sentence would constitute an implied revocation of the original sentence. State ex rel. Bennett v. Rigg, 257 Minn. 406, 102 N.W.2d 17, 19 (1960). Furthermore, even if this implied revocation did not occur, the erroneous imposition of two sentences for a single offense of which the accused has been convicted does not constitute double jeopardy. Holiday v. Johnston, 313 U.S. 342, 349, 61 S.Ct. 1015, 85 L.Ed. 1392 (1941); Michener v. United States, 157 F.2d 616, 620 (8th Cir.), rev'd on other grounds, 331 U.S. 789, 67 S.Ct. 1509, 91 L.Ed. 1818 (1946) (per curiam), rehearing denied, 332 U.S. 784, 68 S.Ct. 30, 92 L.Ed. 367 (1946); White v. Pescor, 155 F.2d 902, 904 (8th Cir. 1946). While the *Holiday* case involved the imposition of alternating sentences for the same crime instead of the selection of but one, this Court believes that its reasoning would also be applicable to the facts of this case. Nevertheless, Holscher's allegations that the Commissioner of Corrections did not have the authority to substitute himself for the Adult Corrections Commission and then to change Holscher's sentence are not true. The Minnesota Legislature has given to the Supreme Court of Minnesota the power "to issue * * * to all corporations and individuals * * * all other writs and processes, whether especially provided for by statute or not, that are necessary to the execution of the laws and the furtherance of justice" (Minn.Stat.Ann. § 480.04) and the authority "for carrying into execution its judgments and determinations" (Minn. Stat.Ann. § 480.05). Furthermore, in the interest of justice, the Supreme Court in State v. Holscher, supra 159 N.W.2d at 282, said that Holscher's sentence should be corrected upon his application to the Adult Corrections Commis-

sion. The controlling intention of the court was the correction of Holscher's sentence. Therefore, it was reasonable for the Commissioner of Corrections, who had custody of Holscher, to substitute himself for the Adult Corrections Commission. To argue that such action was unreasonable appears to be inconsistent with his own actions since it was Holscher, himself, who applied to the Commissioner of Corrections for the relief specified by the Minnesota Supreme Court.

Judgment affirmed.