Glen Ray HOLSCHER, Appellant,

v.

Frank W. WOOD, Warden, and The Attorney General of the State of Minnesota, Warren Spannaus, Appellees.

No. 80–1268.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 8, 1980.

Decided Oct. 23, 1980.

Bruce C. Douglas & Associates, Tristam O. Hage, Minneapolis, Minn., for appellant.

Warren Spannaus Atty. Gen., State of Minn., Gary Hansen, John H. Daniels, Jr., Sp. Asst. Attys. Gen., Terrence Fleming Law Clerk, Saint Paul, Minn., for appellees.

Before LAY, Chief Judge, GIBSON, Senior Circuit Judge, and HEANEY, Circuit Judge.

PER CURIAM.

Glen Ray Holscher appeals the denial of his petition for a writ of habeas corpus to release him from imprisonment in the state of Minnesota. We affirm the District Court's[1] denial of relief.

On January 15, 1976, Holscher was convicted, pursuant to a guilty plea, of taking indecent liberties with a minor. The facts of the criminal act, as adduced through the statements of the victim and her companion and corroborated to an extent by a local farmer, are the following. On July 7, 1975, Holscher gave a ride in his car to two girls, ages fourteen and fifteen. After driving into the countryside, Holscher pulled to the side of the road and began making sexual advances towards them. After being rebuffed, Holscher grabbed one of the girls by her hair and demanded that they take off their clothes. Both girls ran, but Holscher pulled a gun, later determined to be a 22 caliber CO2 pistol, and forced one girl back into the car. The other girl ran to a nearby farmhouse where she related her

1. The Honorable Harry H. MacLaughlin, United States District Judge, District of Minnesota.

story to the farmer, who summoned the local sheriff. In the meantime, Holscher forced the girl in the car to remove her clothing, whereupon he fondled her and penetrated her vagina with his finger. Holscher subsequently was charged with aggravated assault and taking indecent liberties with a minor.

At a pretrial hearing, the state informed Holscher that it intended to introduce in evidence his previous 1959 conviction of the heinous murder of an eleven–year–old girl, involving a sexual assault. *See State v. Holscher*, 280 Minn. 313, 314 n.3, 159 N.W.2d 280, 281 n.3 (1968); *State v. Holscher*, 261 Minn. 478, 113 N.W.2d 94, *cert. denied*, 370 U.S. 955, 82 S.Ct. 1607, 8 L.Ed.2d 821 (1962). Holscher's defense attorney strongly resisted the introduction of the evidence. The court advised the state that it should come up with case authority on the issue and then reserved ruling until the scheduled start of the trial.

On the Saturday before trial, Holscher decided to plead guilty. A plea bargain agreement was worked out whereby the aggravated assault charge was dropped in return for a guilty plea to a charge of taking indecent liberties with a minor.

On the following Monday, Holscher entered his plea of guilty. The trial judge gave him the opportunity to contest any of the factual allegations against him. Holscher, upon request, failed to challenge any of the factual statements establishing the offense to which he pleaded guilty. The trial judge thereupon accepted the plea.

At the sentencing hearing three weeks later, the state, in arguing for a lengthy sentence, made reference to the child murder conviction. Holscher then interjected that he was being "blackmailed" by the state and that the present crime "was never committed." The trial judge then gave Holscher an opportunity to elaborate on his statements and to withdraw his guilty plea. He declined to do so.

In his habeas corpus petition, Holscher alleges that there was not a sufficient factual basis for accepting his guilty plea in light of his assertion that the crime "was never committed." The Minnesota Supreme Court reviewed the record and found it to be adequate to support the conviction. *Holscher v. State*, Minn., 282 N.W.2d 866 (1979). Holscher then filed a federal habeas corpus petition. The federal magistrate's report recommended denial of the petition. The District Court, after an independent and *de novo* review, was in basic agreement with the magistrate's report. The court found petitioner's guilty plea "voluntary under the totality of the circumstances" and that "an adequate factual basis existed for petitioner's guilty plea."

■ We agree with the District Court. On appeal, Holscher has not demonstrated any evidence in the record that would contest the factual allegations relied upon by the original trial court in allowing entrance of the guilty plea. In his brief, Holscher does cite a number of Minnesota cases whereby a trial judge erred in accepting a guilty plea from a defendant who alleged at the hearing specific factual circumstances which were contrary to a plea of guilty. Holscher made no such statements. He merely announced that the crime "was never committed." He was then given an opportunity to withdraw his guilty plea and to expand upon his statements. He declined to do so. The evidence supports his conviction. *See North Carolina v. Alford*, 400 U.S. 25, 37–38, 91 S.Ct. 160, 167, 27 L.Ed.2d 162 (1970); *cf. Jackson v. Virginia*, 443 U.S. 307, 324, 99 S.Ct. 2781, 2792, 61 L.Ed.2d 560 (1979). Furthermore, Holscher's decision to accept a plea bargain in light of the possibility that a prior conviction might be introduced into evidence does not render the plea involuntary. With the aid of counsel, Holscher made an "intelligent and voluntary" decision to plead guilty in light of the plea bargain offered, given the evidence against him. *See North Carolina v. Alford, supra*, 400 U.S. at 37–38, 91 S.Ct. at 167; *Boykin v. Alabama*, 395 U.S. 238, 242, 89 S.Ct. 1709, 1711, 23 L.Ed.2d 274 (1969).

■ Finally, Holscher argues that he was denied effective assistance of counsel in the state trial court. While it does not appear that Holscher exhausted this issue in the state courts, we will read his petition broadly. The standard for determining the

adequacy of counsel is whether the trial counsel exercised "the customary skills and diligence that a reasonably competent attorney would perform under similar circumstances." *United States v. Easter*, 539 F.2d 663, 666 (8th Cir. 1976). We find that trial counsel for Holscher not only met but exceeded this standard. First, he immediately objected to the state's proposal to introduce into evidence the prior murder conviction. Second, he was able to aid in reducing the charges against his client by eliminating the aggravated assault charge through plea bargaining, although leaving the ultimate decision of acceptance or rejection up to Holscher. In fact, trial counsel may have succeeded in considerably lightening Holscher's probable sentence for the despicable offenses he committed against the young girl.

We must also note that Holscher was no novice to legal proceedings at the time he entered his guilty plea. He had twice appeared *pro se* before the Minnesota Supreme Court and had been represented by counsel three times before this court, with regard to his murder conviction, prior to his appearance before the trial court in this case.

Affirmed.