**Glen R. HOLSCHER, Appellant,**

v.

**STATE of Minnesota, Respondent.**

**No. 81–1165.**

Supreme Court of Minnesota.

July 27, 1982.

J. Christopher Cuneo, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., Gary Hansen, Audrey Kaiser Manka, Sp. Asst. Attys. Gen., St. Paul, Robert R. Benson, County Atty., Preston, for respondent.

AMDAHL, Chief Justice.

This is an appeal by Glen Ray Holscher from an order of the Fillmore County District Court denying his petition for postconviction relief in the form of resentencing according to the Minnesota Sentencing Guidelines pursuant to Minn.Stat. § 590.01, subd. 3 (Supp.1981). Petitioner, who is 48, seeks resentencing in connection with a 1976 conviction of indecent liberties, Minn. Stat. § 609.296, subd. 2 (1974) (since repealed), for which he received a 7-year prison term running consecutively to a previously imposed but unexpired term of 7–30 years for third-degree murder. We affirm the denial of relief.

In 1959 petitioner, armed with a gun, entered a Minneapolis home in which four minor children were present. Petitioner molested one of the children, an 8-year-old girl, and assaulted the others. One of the others, an 11-year-old girl, died as a result of head injuries inflicted by petitioner.

Convicted of third-degree murder, petitioner was sentenced by the trial court to a 7–30-year prison term which, by operation of Minn.Stat. § 610.28 (1959) (since repealed), was automatically doubled because this was petitioner's second felony conviction. Petitioner's conviction was affirmed in *State v. Holscher*, 261 Minn. 478, 113 N.W.2d 94 (1962), *cert. denied*, 370 U.S. 955, 82 S.Ct. 1607, 8 L.Ed.2d 821 (1962).

In 1962 the district court vacated the earlier conviction, a 1951 conviction of grand larceny, because the parents of petitioner, who was a minor at the time, had not been notified as required by Minn.Stat. § 260.08 (1957) (since repealed), before he was bound over to the district court for prosecution as an adult. In *State v. Holscher*, 280 Minn. 313, 159 N.W.2d 280 (1968), we ruled that the Corrections Commission, upon application by petitioner, should correct petitioner's sentence, limiting it to the maximum of 30 years originally imposed by the trial court. The Commissioner of Corrections then instructed the warden to record petitioner's sentence as being 7–30 years.

Subsequently, petitioner sought habeas corpus relief claiming, *inter alia*, that the case should have been remanded to the trial court for resentencing and that his sentence for murder should be credited with time served on the vacated conviction. That case was eventually decided by the Eighth Circuit, which ruled against petitioner on his claims. *Holscher v. Young*, 440 F.2d 1283 (8th Cir. 1971).

In 1975, while on parole, petitioner agreed to give two girls he knew, one age 14 and one age 15, a ride from Chatfield to Spring Valley, where the girls were going to attend a dance. On the way petitioner stopped the car and told the girls he wanted them to undress. The 14-year-old girl broke away and ran to a nearby farm for help, but petitioner was able to catch the 15-year old. Using a gun to force compliance, he forced the girl to undress and he then fondled her and put his finger into her vagina. Petitioner was convicted of indecent liberties pursuant to his guilty plea and was sentenced to a 7-year term running consecutively to the previously imposed but unexpired term for the murder, for which parole was revoked.

Petitioner's attempts to withdraw his guilty plea and proceed to trial on the original charges were unsuccessful. *See Holscher v. State*, 282 N.W.2d 866 (Minn.1979), and *Holscher v. Wood*, 632 F.2d 710 (8th Cir. 1980).

The murder sentence expired in May of 1979, and petitioner then began serving the 7-year sentence for the indecent liberties conviction. Petitioner was originally scheduled to be released from prison in January of 1981 but apparently refused to participate in a residential treatment program for sexual offenders as a condition of parole and therefore parole was not granted. It is not clear when petitioner is scheduled to be released from prison, but his sentence apparently will expire sometime in 1983.

At the hearing on his petition for resentencing according to the Sentencing Guidelines, petitioner, appearing pro se, again raised the matter of credit for time served pursuant to the vacated conviction. Peti-

tioner also argued that his early release from sentence as a result of resentencing according to the Sentencing Guidelines would not present a danger to the public and would not be incompatible with the welfare of society.

The parties apparently agreed that petitioner's conduct in 1975 would translate into criminal sexual conduct in the second degree, which is a severity level VII offense. Given petitioner's criminal history score at the time of sentencing for that offense (two), the presumptive term for that offense would have been 41 months.[1]

The prosecutor neither supported nor opposed resentencing, stating that he believed the matter to be within the postconviction court's discretion.

In its order denying resentencing, the postconviction court stated that the issue of credit had already been fully and finally litigated. The court based its refusal to resentence petitioner on "the particularly vicious nature of the offense of which petitioner was convicted and the history of petitioner's violent conduct in the past."

This appeal followed.

On appeal petitioner is represented by counsel who argues that petitioner met his burden of proving that his early release would not present a danger to the public and would not be incompatible with the welfare of society. Counsel also argues that, although petitioner was not entitled to credit for time spent in prison pursuant to the vacated 1951 conviction, the fact that he served 4½ years for a conviction that was later vacated should have been considered by the postconviction court as one factor bearing on whether or not petitioner should be resentenced.

The fact that petitioner spent 4½ years in prison pursuant to a conviction that was later vacated was a factor that the postconviction court could have considered in resentencing petitioner if the court had first determined that petitioner's early release from sentence would not present a danger to the public and would not be incompatible with the welfare of society. However, the postconviction court was unable to make such a determination. We do not believe, as petitioner contends, that the court was required to make such a determination. As we stated in *State v. Champion*, 319 N.W.2d 21, 23 (Minn.1982), "[W]e generally will not interfere with the postconviction court's refusal to make the finding that is prerequisite to resentencing, at least in cases in which the petitioner is serving a sentence for a violent offense or has a record suggesting that he is likely to engage in criminal conduct after his release." In this case petitioner's record of repetitive violent sexual misconduct fully justified the district court's refusal to resentence petitioner.

Petitioner remains subject to the jurisdiction of the commissioner of corrections.[2]

Affirmed.

---

1. Arguably, since petitioner penetrated the victim's vagina with his finger, that conduct would translate into criminal sexual conduct in the first degree, a severity level VIII offense. The presumptive term for this offense by one with petitioner's criminal history would have been 65 months in prison.

2. The Minnesota Corrections Board was abolished, effective June 30, 1982, by Act of June 1, 1981, ch. 360, § 4, 1981 Minn.Laws 2236, 2237.